**Barry HALL, Plaintiff,**

v.

**Gene JOHNSON, Deputy Director Virginia Department of Corrections, Defendant.**

**No. 2:01CV865.**

United States District Court, E.D. Virginia, Norfolk Division.

Sept. 30, 2002.

Barry Hall, Red Onion State Prison, Pound, VA, pro se.

Pamela Anne Sargent, Office of the Attorney General of Virginia, Richmond, VA, for defendant.

## OPINION AND FINAL ORDER

DOUMAR, District Judge.

Plaintiff, a state prisoner, brought this *pro se* action pursuant to 42 U.S.C. § 1983, to redress alleged violations of his constitutional rights. Plaintiff claims that his First Amendment rights are violated by the Defendant's departmental policy, specifically Division Operating Procedure ("D.O.P.") 851, regarding incoming personal mail. The complained of regulation limits the weight of incoming, general purpose mail to one ounce. The Plaintiff seeks injunctive relief.

The Defendant has filed a Motion for Summary Judgment arguing that the regulation furthers a legitimate penological interest and that prisoners have no constitutional right to an unrestricted amount of incoming personal mail in a single envelope. For the reasons discussed below, this Court finds the Defendant's arguments persuasive and **GRANTS** the Defendant's Motion for Summary Judgment.

### DISCUSSION

#### I. Procedural History

After Plaintiff qualified to proceed *in forma pauperis*, Defendant filed a motion for summary judgment and a memorandum and affidavits in support thereof. In

accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), Plaintiff was given an opportunity to respond to Defendant's motion with any material that he wished to offer in rebuttal. Plaintiff has responded to Defendant's Motion for Summary Judgment. Therefore, this matter is ready for judicial determination.

## II. Facts

The Plaintiff is an inmate confined within the Virginia Department of Corrections ("VDOC"), housed at Red Onion State Prison. Upon initial assignment to a VDOC facility, each inmate is informed of institutional policies and procedures governing inmate mail, incoming publications, and grievances. The inmate is responsible for compliance with these regulations and for instructing family and friends on requirements of the regulations.

Department Operating Procedure 851 governs the procedures relating to inmate mail. There is no limit to the amount of mail that an inmate can send or receive. However, the regulation limits the weight of incoming general purpose correspondence to no more than one ounce per letter. This limitation does not apply to legal, special purpose mail, educational correspondence, packages, mail from a vendor, or mail from a federal, state or local agency. Incoming general purpose mail that exceeds the one ounce limit is returned to the postal service unopened.

Incoming mail is recognized as a source for contraband to enter the institution. Therefore, all incoming mail and packages are opened and searched prior to delivery to inmates. In addition, since correspondence may contain information that is a threat to institutional security, such as escape plans, incoming mail may be read.

## III. Standard of Review

Summary judgment under Rule 56 is appropriate only when the court, viewing the record as a whole and in the light most favorable to the non-moving party, determines that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once a party has properly filed evidence supporting the motion for summary judgment, the nonmoving party may not rest upon mere allegations in the pleadings, but must instead set forth specific facts illustrating genuine issues for trial. *Id.* Such facts must be presented in the form of exhibits and sworn affidavits. Failure by a plaintiff to rebut a defendant's motion with such evidence on his behalf will result in summary judgment when appropriate. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. 2548.

## IV. Analysis

The narrow issue before this Court is whether DOP 851's weight limitation on general purpose incoming mail impermissibly infringes on the Plaintiff's constitutional rights under the First Amendment. In deciding this question, the Court considers the four-factor test set forth by the United States Supreme Court in *Turner v. Safley*: (1) whether there is a rational relation between the regulation and legitimate governmental interest put forward to justify it, (2) whether there are alternative means of exercising rights that remain open to inmates, (3) whether accommodation of asserted rights will have a significant ripple effect on fellow inmates or prison staff, and (4) whether there is a ready alternative to regulation that fully accommodates prisoners' rights at de minimis cost to

valid penological interest. 482 U.S. 78, 89–91, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).

In *Turner*, the Supreme Court addressed the question of whether a prohibition on correspondence between prisoners at different institutions violated their First Amendment rights. The Court recognized that courts are ill-equipped to second guess the decisions of prison administrators, especially regarding regulations affecting institutional security, stating:

> Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint. Where a state penal system is involved, federal courts have . . . additional reason to accord deference to the appropriate prison authorities.

*Id.* at 84–85, 107 S.Ct. 2254. In evaluating the constitutionality of the ban on correspondence between prisoners, the Court stressed the deference prison officials were afforded and held that regulations would be upheld unless they were not reasonably related to legitimate penological interests. The Court then analyzed the prohibition and determined that the ban on correspondence between prisoners was constitutional. *Id.* at 100, 107 S.Ct. 2254.

In contrast to *Turner*, the complained of regulation presently before the Court is not a prohibition on correspondence, but merely a limitation on the weight of incoming, general purpose mail. If one of Plaintiff's correspondents wishes to write a longer letter, this person must merely send it in two or more envelopes. Despite the de minimis nature of the restriction, the Court will analyze DOP 851 according to the four-factor test set forth in *Turner*.

1. The Rational Relationship of the Regulation to Legitimate Penological Interest

Division Operating Procedure 851 is rationally related to a legitimate penological interest. In his sworn affidavit, the Deputy Director of the Virginia Department of Corrections, Gene Johnson, states that DOP 851 furthers institutional safety. Johnson Aff. ¶ 7. Mr. Johnson points out that incoming mail is recognized as a source for contraband to enter the prisons. The prevention of incoming contraband has long been acknowledged a valid penological interest due to institutional security concerns. To this end prison staff are required to carefully screen incoming mail. This is a very time consuming task for institutional mail room personnel. *Id.* The weight limitation on incoming general purpose mail furthers the legitimate governmental interest of institutional security because it allows mail room personnel to quickly scan a shorter document for potential security risks, such as escape plans. Otherwise, mail room personnel may have to sift through tens, or even hundreds, of pages in order to determine whether a security threat was hidden in an otherwise innocuous letter.

The Plaintiff argues that the weight limitation is not rationally related and points out that it does not affect the ultimate amount of mail that a prisoner may receive. In support of his argument, the Plaintiff submits a statement by a mail room employee in response to a Prison Service Complaint Form filed by the Plaintiff. The employee states that she thinks DOP 851 is a "silly rule as well." Statement of S. Mullins, Prison Service Complaint Form, Attached to Pl.'s Br. in Opp'n to Def.'s Mot. for Summ.J. The Plaintiff

and, for that matter, the mail room employee miss the point. The prison officials are not trying to limit the amount of mail a prisoner receives. To do so would raise more significant constitutional concerns than the instant case. Rather, the prison officials are trying to optimize the screening procedures to minimize the amount of time required to determine if incoming mail contains illicit materials. Given the deference afforded prison officials in light of their expertise in such matters, this Court finds there is a rational relationship between DOP 851 and a legitimate penological interest.

### 2. Alternative Means of Prisoners Exercising Their Rights

Given the minimal requirements of DOP 851, prisoners have ample opportunity to receive general purpose mail. Indeed, the only complaint before the Court is that prisoners are precluded from receiving general purpose mail free of any weight limitation. Any constitutional basis for such a right is dubious at best. The only time that prisoners are precluded from receiving mail is when one of their correspondents fails to comply with the one ounce requirement. Given the content neutral nature of the regulation and the fact that it does not impact the ultimate amount of mail a prisoner may receive, the Court finds that prisoners have sufficient means of exercising their First Amendment rights.

### 3. The Ripple Effect on Prison Officials and Other Inmates

The ripple effect of abrogating DOP 851's weight restrictions would threaten institutional security. Prison officials have stated that, in their expert opinion, the regulation is necessary in order that mail room staff have sufficient time to screen incoming mail for security risks. "As a result, the correspondence rights asserted by [the plaintiff] . . . can be exercised only

at the cost of significantly less liberty and safety for everyone else, guards and other prisoners alike." *Turner*, 482 U.S. at 92, 107 S.Ct. 2254. Considering the minimal impact of the regulation versus the potential consequences of insufficient screening of incoming mail, this Court finds that prudence dictates upholding the regulation.

### 4. Alternatives that Have a De Minimis Impact on Institutional Security

The Plaintiff has failed to suggest any alternatives to DOP 851 that would not result in greater than a de minimis impact. Indeed, the only alternative apparently available requires additional screening personnel. This in turn would result in additional expenditures from a severely limited Department of Corrections budget. In light of the limited restrictions of the regulation and the limited resources available to the Department of Corrections, this Court finds no suitable alternative.

### V. Conclusion

After analyzing DOP 851 against the factors set forth in *Turner*, this Court finds that DOP 851 does not impermissibly infringe on the Plaintiff's First Amendment rights and that summary judgment in favor of the Defendant is appropriate. The regulation at issue in this action is clearly related to a legitimate penological interest—institutional security. The regulation is designed to allow mail room personnel to efficiently and effectively screen inmate mail. There is no regulation of the amount of correspondence that an inmate may receive, merely a limit on the size of any given envelope received as general correspondence. If one of the Plaintiff's correspondents wishes to write a longer letter, this person must merely send it in two or more envelopes. Furthermore, the regulation does not relate to the content of

the inmate's correspondence and thus, does not involve issues of censorship.

For the aforementioned reasons, this Court **GRANTS** the Defendant's Motion for Summary Judgment. This action is **ORDERED DISMISSED.**

Plaintiff is advised that he may appeal from this Opinion and Final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within thirty (30) days from the date of this order. If plaintiff wishes to proceed *in forma pauperis* on appeal, the application to proceed *in forma pauperis* is to be submitted to the Clerk, United States Court of Appeals, Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **DIRECTED** to send a copy of this Opinion and Final Order to plaintiff and counsel for defendants.

IT IS SO **ORDERED.**